UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON SCHWINN,<br><br>Defendant. | Criminal No. 05-103 (JRT/FLN)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Jeffrey S. Paulsen, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Aaron Schwinn, 855 Village Center Drive, Suite 338, North Oaks, MN, 55127, defendant *pro se*.

Robert G. Davis, **LAW OFFICE**, 270 North Grain Exchange Building, 301 Fourth Avenue South, Minneapolis, MN 55415, standby-counsel for defendant.

On June 20, 2005, defendant Aaron Schwinn pled guilty to one count of conspiracy to distribute cocaine and one count of conspiracy to distribute marijuana. Currently before the Court is defendant's motion to withdraw his guilty plea. For the reasons explained below, the Court denies the motion.

## BACKGROUND

On March 22, 2005, defendant Aaron Schwinn was charged by indictment with one count of conspiracy to distribute cocaine, five counts of use of a communication

facility in furtherance of drug trafficking (in cocaine), one count of conspiracy to distribute marijuana, and three counts of use of a communication facility in furtherance of drug trafficking (in marijuana).

On June 20, 2005, defendant pled guilty to one count of conspiracy to distribute cocaine and one count of conspiracy to distribute marijuana.  At the change of plea hearing, defendant was represented by his attorney, Phil Resnick.  Defendant was placed under oath for the purpose of giving truthful testimony.  The Court explained to defendant that it was important that defendant understand the questions asked of him, and urged him to alert the Court if he there was anything that he did not fully understand.  The Court also explained to defendant that if at any time he wished to consult with his attorney privately, he could step away from the podium and do so.  The Court inquired about defendant's age and education.  At the time of the hearing, defendant was 37 years old and just a few credits short of having a college degree in political science.  The Court asked whether defendant was taking any medications, and defendant explained that he is taking several prescription drugs to deal with depression issues and headaches.  The Court asked whether defendant has had any trouble being able to focus on this case, and defendant replied, "Well, with Phil's help, I can get through it."  (Plea Hr'g Tr. 7, June 20, 2005.) Defendant testified that he had not taken any alcohol or drugs (other than the prescription medications) in the 24 hours preceding the hearing.  The Court asked whether defendant had reviewed the indictment and had had enough time to work with his attorney, and defendant explained that he had and had been fully satisfied with the

advice and assistance that he had provided.  Resnick testified that he found defendant able to fully comprehend the issues in the case.

At the hearing, Assistant United States Attorney Jeffrey Paulson explained the elements of the offenses to which defendant ultimately pled guilty.  Paulson asked defendant about the factual basis of the cocaine charge, and defendant admitted that he and another person took steps to buy cocaine from a third person with the intention of selling the cocaine.  Similarly, Paulson asked defendant about the factual basis of the marijuana charge, and defendant admitted that he and another person agreed that they would distribute marijuana and eventually did distribute the marijuana.

The Court then explained the statutory penalties for the crimes charged.  The Court explained that in exchange for his guilty plea the prosecution had moved to dismiss counts 2-6 (use of a communication facility in furtherance of drug trafficking in cocaine) and 8-10 (use of a communication facility in furtherance of drug trafficking in marijuana) and agreed to move for a three-level reduction for acceptance of responsibility.  Defendant indicated that he understood.  The Court also explained that defendant may be eligible for the safety valve provision but that the final determination could not be made at that time.  Defendant again indicated that he understood.  The Court asked defendant if there was anything about the plea agreement that he did not understand.  Defendant asked about his next meeting with probation, but as to the plea agreement itself, defendant said that he understood it.  Upon questioning by Paulsen, defendant testified that his decision to plead guilty was voluntary and that he believed he is guilty of the two crimes.  The Court explained the rights that defendant would be giving up with a guilty plea, and

defendant said that he understood that he would be giving up those rights and did not have any questions about those rights.

The Court found that defendant was competent and capable of entering an informed plea on the two charges. The Court further found that defendant was aware of the nature of the charges and the consequences of entering a guilty plea. Finally, the Court found that the plea of guilty was knowing and voluntary, and it was supported by an independent basis in fact containing each of the essential elements of these two offenses. Defendant pled guilty to the two crimes, and the Court accepted the two guilty pleas.

On January 31, 2006, defendant filed a motion to proceed *pro se* and a motion to dismiss indictment. On February 28, 2006, defendant filed a motion for disclosure of grand jury transcripts.

At a hearing on March 23, 2006, Resnick moved to withdraw as attorney for defendant. Resnick explained that his motion was precipitated by defendant's motion to proceed *pro se*, and that he and defendant "are diametrically opposed as to how this case should proceed." (Withdraw as Atty Hr'g Tr. 3, March 23, 2006.) Specifically, Resnick explained that defendant wished to withdraw his guilty plea and attack the charges against him, as indicated by his motion to dismiss. The Court asked defendant if he wished to withdraw his guilty plea and defendant asserted that he wanted to address that issue at a later hearing. The Court granted Resnick's motion to withdraw as attorney, and encouraged defendant to discuss his case with another lawyer. Defendant has since filed three additional pro se motions. *See* Docket Nos. 42, 45, 47.

The Court held another hearing on July 17, 2006. The Court began by addressing defendant's motion to proceed *pro se*. After making sure that defendant understood the charges against him and the penalties for those charges, the Court strongly encouraged defendant not to represent himself. Defendant insisted that he still desired to represent himself. The Court found that defendant knowingly and voluntarily waived the right to counsel, and granted the motion to proceed *pro se*.

Next, the Court asked defendant whether he still wanted to withdraw his guilty plea. Defendant explained that he wanted the Court to consider his motion to dismiss the indictment and that he understood that the Court could not rule on the motion to dismiss until after he had withdrawn his guilty plea. To aid defendant in his decision on whether to withdraw his guilty plea, the Court explained that the Court would likely deny the motion to dismiss and his other *pro se* motions. Defendant responded that he would nevertheless like to withdraw his guilty plea.

The Court questioned defendant as to the reason for withdrawing his guilty plea. Defendant responded, "Well, basically it was not knowing, voluntary, or intelligent." (Withdraw Plea Hr'g Tr. 15, June 17, 2006.) The Court asked defendant to explain why he believed it was not a knowing and voluntary plea. Defendant pointed the Court to an affidavit from his psychiatrist, which reports that defendant has difficulty with communication and language comprehension. The Court again asked defendant to articulate a reason. Defendant responded, "Well, basically I was just under Phil's malay. I didn't even want to come over here and plea, and he said you had to." (Withdraw Plea Hr'g Tr. 16.) The Court asked if defendant is asserting that his attorney forced him to

plead guilty.  Defendant responded, "Yeah, he basically said I will do 30 years in prison or 37 months.  That's what he told me."  (Withdraw Plea Hr'g Tr. 16.)  Defendant said that he told his attorney that he has children to support and that he could not go to prison for 30 years.  The Court then explained that if he was convicted on the charges after trial he would likely face around 70 months, or about double what his sentence was likely to be under the plea agreement, and that the Court was unclear from where the "30 years" came.  After further questioning about why he wanted to withdraw his plea, defendant pointed again to the affidavit from the psychiatrist and asserted, "The Court goes at 100 miles an hour, and I only go at 40."  (Withdraw Plea Hr'g Tr. 17.)  The Court asked whether defendant had any evidence that his attorney forced him to plead guilty, beyond the report of the psychiatrist and what he understood about his penalties.  Defendant had nothing further to offer.  The Court explained that the inquiries at the change of plea hearing indicated that the plea was knowing and voluntary, and again prompted defendant for an explanation by asking, "Was there anything particular about your condition that day that made it more likely for you to agree with Mr. Resnick's analysis of your case?"  (Withdraw Plea Hr'g Tr. 22.)  Defendant responded that he was on prescription narcotics and had taken a "couple extra", and that "I just wasn't of sound mind, body, or soul."  (Withdraw Plea Hr'g Tr. 23.)  The Court took the motion to withdraw the guilty plea under advisement.

## ANALYSIS

A district court may permit a defendant to withdraw a guilty plea before he is sentenced if the defendant shows a fair and just reason for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). The district court should also consider whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion. *United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993). Where a district court determines that there is no fair and just reason for withdrawing the plea, the motion is denied. *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005). The defendant bears the burden of proving why withdrawal of his guilty plea should be permitted. *United States v. Morales*, 120 F.3d 744, 747 (8th Cir. 1997).

At the July 17, 2006 hearing, defendant required extensive prompting and questioning by the Court before he could articulate any reason for withdrawing his guilty plea, beyond his conclusory assertion that it was "not knowing, voluntary, or intelligent." (Withdraw Plea Hr'g Tr. 15.) Ultimately, defendant asserted that he believed he had no alternative but to plead guilty based on the advice provided by his attorney, and that therefore his plea was not voluntary. After further prompting by the Court, defendant asserted that his mind was not clear because he had taken a couple extra prescription narcotics on the day of the change of plea.

The Court rejects defendant's argument that his plea was not made voluntarily. As detailed above, the Court inquired fully into defendant's state of mind at the time of the change of plea hearing, whether he had adequately reviewed and considered the plea

agreement, and whether he understood the plea agreement and the consequences of pleading guilty. *See Austin*, 413 F.3d at 858.

Despite defendant's assertions to the contrary at the hearing on July 17, 2006, the Court finds that defendant had a clear mind on the day of his change of plea. At the change of plea, defendant explained to the Court that he had taken prescription narcotics in the 24 hours preceding the hearing, but there was nothing about defendant's words or actions at the change of plea hearing that indicates that defendant was having difficulty comprehending the proceedings. The Court urged defendant to alert the Court if there was anything that he did not fully understand, but defendant stated again and again that he understood. There is absolutely no evidence that defendant was forced to plead guilty by his attorney. The fact that defendant was influenced by the advice of his competent counsel to plead guilty is not enough to justify withdrawal of plea. *See United States v. Nigro*, 262 F.2d 783, 787 (3d Cir. 1959).

The Court must also consider whether defendant has asserted his innocence of the charge and the length of time between the guilty plea and the motion to withdraw it. *See Nichols*, 986 F.2d 1199 at 1201. At the change of plea, defendant admitted to facts that if proven true would compel a guilty verdict. Defendant has filed a *pro se* motion to dismiss the indictment, but it is without merit. The fact that defendant has made out no legally cognizable defense to the charges provides further reason to deny the motion to withdraw the guilty plea. *See United States v. Barker*, 514 F.2d 208, 220 (D.C. Cir. 1975). Finally, over a year has past since defendant pled guilty, and defendant has not articulated any reason why he waited to seek withdrawal of his guilty plea until this late

date.  *See United States v. Bryant*, 640 F.2d 170, 172 (8th Cir. 1981) (holding that a further reason for denying the defendant's motion to withdraw his guilty plea was the deficiency of showing by defendant that his grounds for belatedly seeking a change of plea were well taken).

In sum, the Court concludes that there is no fair and just reason for withdrawing the guilty plea and defendant's motion is therefore denied.  Because the guilty plea stands, the Court will not address defendant's various *pro se* motions.  Defendant is scheduled for sentencing on September 6, 2006 at 10:30 A.M., in Courtroom 13E of the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

### ORDER

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's oral motion to withdraw his guilty plea is **DENIED**.

DATED:   August 7, 2006                              s/ John R. Tunheim
at Minneapolis, Minnesota.                           JOHN R. TUNHEIM
                                                     United States District Judge